UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARIKLIA HONDROULIS, ET AL.,

    Plaintiffs,

v.      Case No. 8:07-cv-257-T-24 TGW

HOMECOMINGS FINANCIAL, LLC,

    Defendant.
_____/

## ORDER

This cause comes before the Court Defendant Homecomings Financial, LLC's ("Homecomings") Motion for Clarification/Partial Summary Judgment, or in the Alternative, Motion in Limine. (Doc. No. 56). Plaintiffs have not filed a response in opposition. Also before this Court is Plaintiffs' Motion for Rule 54(b) Certification (Doc. No. 58) and Homecomings' response thereto (Doc. No. 59).

**I. Background**

Plaintiffs filed suit against Homecomings after they attempted to pay off their mortgage and Homecomings returned their wired funds. Plaintiffs contend that Homecomings wrongfully refused their payoff and has thereafter been adding unwarranted fees and interest and has been misrepresenting the status of Plaintiffs' mortgage to credit reporting agencies. As such, they have asserted four claims against Homecomings: (1) breach of contract, (2) slander of title, (3) false light, and (4) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. No. 15). Thereafter, Homecomings filed a third-party claim against the title company and one of the title company's employees.

Homecomings moved for summary judgment on three of Plaintiffs' claims: (1) breach of

contract, (2) slander of title, and (3) FDUTPA. Homecomings states in its motion for clarification that its failure to move for summary judgment on the false light claim was an oversight. The Court granted summary judgment on the breach of contract and slander of title claims, but it denied summary judgment on the FDUTPA claim. (Doc. No. 49). In response to the Court's summary judgment order, Homecomings moves for clarification or summary judgment on the false light claim, and Plaintiffs move for entry of final judgment under Federal Rule of Civil Procedure 54(b) on the claims on which the Court granted summary judgment.

## II.  Motion for Clarification/Summary Judgment

In its motion, Homecomings moves for summary judgment on Plaintiffs' false light claim. Homecomings points out that in the Court's order on the prior motion for summary judgment, the Court found that Homecomings' return of the wire transfer was not wrongful, because its refusal was due to Plaintiffs' and/or the title company's failure to follow the directions for making the wire transfer payment that was set out in the payoff statement. As such, Homecomings argues that it should be granted summary judgment on Plaintiffs' false light claim, because any statements that it made about Plaintiffs' continued indebtedness to Homecomings and their failure to make timely payments on the mortgage were not false. Plaintiffs have not filed a response in opposition to this motion. Accordingly, because this Court has already found that Homecomings did not wrongfully refuse Plaintiffs' payoff, the statements Homecomings made about Plaintiffs were not false. As such, Homecomings is entitled to summary judgment on Plaintiffs' false light claim.

## III.  Rule 54(b) Certification

Plaintiffs seek certification under Rule 54(b) so that they may appeal the entry of

summary judgment on their claims. Rule 54(b) provides:

> When an action presents more than one claim for relief . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Furthermore:

> As a prerequisite to Rule 54(b) certification, the district court must evaluate whether there is any just reason to delay the appeal of individual final judgments. The question requires the district court to balance judicial administrative interests and relevant equitable concerns. Consideration of the former factor is necessary to ensure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals. The latter factor serves to limit Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay.
>
> As these factors will often suggest contrary conclusions, Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties. Recognizing that such circumstances will be encountered only rarely, we have previously counseled district courts to exercise the limited discretion afforded by Rule 54(b) conservatively.

Ebrahimi v. City of Huntsville Board of Education, 114 F.3d 162, 165-66 (11th Cir. 1997)(internal citations and quotation marks omitted).

Upon consideration, the Court finds that there is just reason to delay the appeal of this Court's orders granting summary judgment on three of Plaintiffs' claims. Therefore, the Court finds that certification under Rule 54(b) is not appropriate, and as such, the Court denies the motion for certification.

### IV.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Homecomings' Motion for Clarification/Partial Summary Judgment (Doc. No. 56) is **GRANTED**.  Its request for alternative relief in the form of a motion in limine (Doc. No. 56) is **DENIED AS MOOT**.

(2)     Plaintiffs' Motion for Rule 54(b) Certification (Doc. No. 58) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of February, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record