UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARIKLIA HONDROULIS, ET AL.,

        Plaintiffs,

v.                                      Case No.  8:07-cv-257-T-24 TGW

HOMECOMINGS FINANCIAL, LLC,

        Defendant.

_____/

## ORDER

      This cause comes before the Court on Defendant Homecomings Financial LLC's ("Homecomings") Motion to Tax Costs and Award Attorneys' Fees.  (Doc. No. 54).  Plaintiffs oppose the motion.  (Doc. No. 57).

## I.  Background

      Plaintiffs filed suit against Homecomings after they attempted to pay off their mortgage and Homecomings returned their wired funds.  Plaintiffs contend that Homecomings wrongfully refused their payoff and has thereafter been adding unwarranted fees and interest and has been misrepresenting the status of Plaintiffs' mortgage to credit reporting agencies.  As such, they have asserted four claims against Homecomings: (1) breach of contract, (2) slander of title, (3) false light, and (4) violation of Florida's Deceptive and Unfair Trade Practices Act.  (Doc. No. 15).  Thereafter, Homecomings filed a third-party claim against the title company and one of the title company's employees.

      Homecomings moved for summary judgment on Plaintiffs' claims, and the Court granted summary judgment as to three of those claims: (1) breach of contract, (2) slander of title, and (3) false light.  (Doc. No. 49, 56).  Homecomings now moves for fees and costs incurred in

connection with its defense of these claims.

## II.  Motion for Fees and Costs

Homecomings seeks its attorneys' fees pursuant to a provision in the mortgage, which states: "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees . . .."  (Doc. No. 1, p. 17, ¶ 14). Plaintiffs oppose the motion, arguing that Homecomings' defense of Plaintiffs' claims cannot be considered as being in connection with their default and in order to protect its interest in the property.  Rather, Plaintiffs contend that this provision might be applicable in the separate litigation[1] regarding Plaintiffs' alleged default.  The Court agrees with Plaintiffs and denies Homecomings' request for attorneys' fees.

Homecomings also seeks its costs as the prevailing party with respect to the three claims on which the Court granted summary judgment.  Plaintiffs have not specifically responded to Homecomings' request for these costs, and as such, the Court deems this request to be unopposed.  The Court has reviewed the requested costs, and  it appears that the costs are reasonable.  (Doc. No. 52, Ex A).  Accordingly, the Court will award Homecomings $1,255.97 in costs.

## III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Homecomings' Motion to Tax Costs and Award Attorneys' Fees (Doc. No. 54) is

**GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to

---

[1]The Bank of New York Trust Co., N.A. v. Hariklia Hondroulis, et al., 8:07-cv-327-T-23-TBM.

the extent that the Court awards Homecomings its costs in the amount of $1,255.97; otherwise, the motion is **DENIED**.

(2)     Homecomings' Request for Hearing (Doc. No. 54) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 11th day of February, 2008.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record